PEARSON, MJ

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LAMONTE B. HOPINGS, JR. | ) | CASE NO. 3:08cv2202 |
| Petitioner, | ) | |
| | ) | JUDGE GWIN |
| v. | ) | MAGISTRATE JUDGE PEARSON |
| BENNIE KELLY, Warden | ) | |
| | ) | **MEMORANDUM OPINION** |
| Respondent. | ) | **AND ORDER** |

### Introduction

Before the Court is Petitioner Lamonte B. Hopings, Jr.'s Motion for Stay and Abeyance. ECF No. 6. Based upon the record before it and applicable law, the Court denies the Motion for Stay and Abeyance as moot.

### I. Relevant Factual and Procedural History

On September 16, 2008, Petitioner Hopings sought relief pursuant to a filing under Title 28, United States Code, Section 2254. ECF No. 1. On February 17, 2009, Hopings filed a motion to stay and hold in abeyance his petition for habeas relief. ECF No. 6. Respondent filed his response in opposition on February 24, 2009. ECF No. 7. Thus, the motion for stay and abeyance has been fully briefed and is now ripe for consideration.

(3:08CV2202)

## II. Law and Analysis

A court has the discretion to grant a stay and hold the federal proceedings in abeyance pending the exhaustion of the still unexhausted claims of a habeas petition if the petition also contains exhausted claims, *i.e.*, a mixed petition. See *Rhines v. Weber*, 544 U.S. 269 (2005). State prisoners must exhaust their state remedies prior to raising claims in federal habeas corpus proceedings. See 28 U.S .C. § 2254(b)-(c); *Rose v. Lundy*, 455 U.S. 509 (1982). This requirement is satisfied "when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir.1990).

Petitioner Hopings asks the Court to grant his motion to stay and hold his petition in abeyance so he may "exhaust all state remedies of Post Conviction and New Trial proceedings." ECF No. 6 at 1. Hopings misconstrues the purpose to stay and hold a petition in abeyance, which is to allow a petitioner to exhaust his claims in state court. In his motion, Hopings asks the Court to hold his petition in abeyance so he can pursue new claims in state court that are not asserted in his Petition. This is not the type of relief offered by an order to stay and hold a petition in abeyance.

The Court may only issue an order to stay and hold a petition in abeyance if the petition is a mixed petition, *i.e.*, a petition that contains grounds for relief that are exhausted and unexhausted. A claim is unexhausted only if state remedies remain available to the petitioner for that specific claim. A claim is exhausted "when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's

(3:08CV2202)

claims." *Manning*, 912 F.2d at 881. Hopings does not ask the Court to allow him to exhaust an unexhausted claim. Rather, he asks the Court to allow him to pursue new claims — that are not before the Court — in new state proceedings. Accordingly, the Court must deny Hopings request.

Furthermore, Respondent's arguments are well taken in that the three Grounds for relief presented in Hopings' Petition are exhausted. *See* ECF No. 7. The Supreme Court concluded in *O'Sullivan v. Boerkel*, 526 U.S. 838, 119 S.Ct. 1728 (1999), that to satisfy the exhaustion requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. In this case, Hopings has already presented each claim of his habeas petition to an Ohio appellate court and the Ohio Supreme Court as part of his direct appeal process. *See* ECF No. 7, Exs. 1 & 2. Thus, all of Hopings' claims in his petition are exhausted and his Motion for Stay and Abeyance is moot.

### III.  Conclusion

For the reasons provided above, the Court denies Hopings Motion for Stay and Abeyance, ECF No. 6, as moot.

IT IS SO ORDERED.

| | |
|---|---|
| February 25, 2009 | /s/ Benita Y. Pearson |
| Date | United States Magistrate Judge |